**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4479

RODNEY EUGENE THOMPSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CR-95-310)

Submitted: January 23, 1997

Decided: February 10, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Lisa B. Boggs, Assistant United States Attorney, Greens-
boro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Rodney Eugene Thompson pled guilty to a one-count indictment which charged him with possessing a firearm after being convicted of a felony, 18 U.S.C. § 922(g)(1) (1994), and violating the armed career criminal statute, 18 U.S.C. § 924(e) (1994). The district court departed downward for substantial assistance on the government's motion and imposed a sentence of 209 months. Thompson's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the district court's denial of an adjustment for acceptance of responsibility, USSG § 3E1.1,* but stating that, in his view, there are no meritorious issues for appeal. Thompson has filed a pro se supplemental brief raising three issues. Finding no reversible error, we affirm the conviction and sentence.

The only contested issue at Thompson's sentencing was acceptance of responsibility. Two police officers testified that Thompson pointed a .357 revolver at one of the officers during a reverse sting drug deal. The probation officer testified that Thompson denied knowing there was a weapon in the car although he had previously told the court at his change of plea hearing that he knew the gun was in the car. At the sentencing hearing, Thompson said he had borrowed the car he was driving and saw the gun between the seats, but did not touch it. The district court found that Thompson had been "less than candid" and had not earned the adjustment. The record demonstrates that Thompson changed his story a number of times after his arrest when he perceived some benefit in doing so. Section 3E1.1 calls for truthful admission of criminal conduct. The district court did not clearly err in denying the adjustment in this case.

In his pro se brief, Thompson challenges his § 924(e) sentence. He suggests that his 1977 conviction for breaking and entering may have been unconstitutionally obtained because the state court record did not show that he was represented by counsel. Because this issue was not raised in the district court, we review it for plain error. United

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

States v. Olano, 507 U.S. 725, 734 (1993). At sentencing, a defendant may challenge the validity of a prior conviction only on the ground that it was obtained in violation of the right to counsel. Custis v. United States, 511 U.S. 485, 497 (1994). Thompson does not assert here that he actually was denied the right to counsel, only that the record does not establish whether he was respresented. Consequently, we find that the district court did not commit plain error in finding that Thompson had the requisite predicate convictions and was an armed career criminal.

Thompson also claims that the enhanced sentence was not part of his plea agreement. However, we note that the government had already filed notice to seek an enhanced sentence when Thompson signed the plea agreement, and the agreement stated that Thompson faced a statutory penalty of not less than fifteen years for the offense charged in the indictment. That fact was also brought out at the change of plea hearing.

Finally, Thompson contends that the district court erred in accepting his guilty plea before the presentence report had been prepared. Under Rule 11 of the Federal Rules of Criminal Procedure, the court is not required to defer acceptance of a plea or a plea agreement. Consequently, the district court did not plainly err in accepting Thompson's guilty plea at the Rule 11 hearing. However, the sentencing guidelines direct the court to defer acceptance of the agreement and any nonbinding recommendations. See USSG§ 6B1.1(c), p.s. We previously recognized but did not resolve the conflict in United States v. Ewing, 957 F.2d 115, 119 (4th Cir.), cert. denied, 505 U.S. 1210 (1992). Here, the court carefully explained to Thompson that his sentence, including any adjustments, would be determined by the court after preparation of the presentence report and that any recommendations by the government were not binding. Thompson specifically questioned the court on this point and consulted with his attorney before deciding to enter his guilty plea. While the court did not state that it was deferring acceptance of the plea agreement, it complied substantially with USSG § 6B1.1(c).

In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. Accordingly, the conviction and sentence are affirmed. This court requires that counsel

3

inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. Counsel's motion to withdraw is therefore denied at this time. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

4